United States District Court
Southern District of Texas
FILED

JAN 1 1 2001

Michael N. Milby
Clerk of Court

AO 243 (Rev. 5/85)

## MOTION UNDER 28 USC § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

| **United States District Court** | District Southern District of Texas | |
|---|---|---|
| Name of Movant Arturo Pena | Prisoner No. 77673-079 | Case No. B-97-CR-490-04 |
| Place of Confinement F.C.I (Low) Beaumont, P.O. Box 26020, Beaumont, Tx. 77720 | | |

UNITED STATES OF AMERICA     V.     ARTURO PENA

B-01-007

(name under which convicted)

## MOTION

1. Name and location of court which entered the judgment of conviction under attack ____ Brownsville Division

2. Date of judgment of conviction ____ May 28, 1998

3. Length of sentence ____ 78 Months

4. Nature of offense involved (all counts) ____ Possession, with intent to distribute (512) grams of cocaine. And Possession, with intent to distribute (327) grams of cocaine. Both counts were 21 U.S.C. §§ 841(a)(1) and (b)(1)(

5. What was your plea? (Check one)
   (a) Not guilty    ☐
   (b) Guilty    ☒
   (c) Nolo contendere    ☐

   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:
   Entered a Plea of Guilty to Counts (2) and (4) of a Four Count indictment before the Honorable Vela

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury    ☐
   (b) Judge only    ☐

7. Did you testify at the trial?
   Yes ☐ No ☒

8. Did you appeal from the judgment of conviction?
   Yes ☐ No ☒

AO 243 (Rev. 5/85)

9. If you did appeal, answer the following:

   (a) Name of court____N/A____

   (b) Result ____

   (c) Date of result ____

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications or motions with respect to this judgment in any federal court?
    Yes ☐ No ☒

11. If your answer to 10 was "yes," give the following information:

    (a)(1) Name of court ____N/A____

       (2) Nature of proceeding ____

       (3) Grounds raised____

       (4) Did you receive an evidentiary hearing on your petition, application or motion?
          Yes ☐ No ☒

       (5) Result____

       (6) Date of result ____

    (b) As to any second petition, application or motion give the same information:

       (1) Name of court ____

       (2) Nature of proceeding ____

       (3) Grounds raised____

AO 243 (Rev. 5/85)

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐ No ☒

(5) Result_____

(6) Date of result _____

(c) Did you appeal, to an appellate federal court having jurisdiction, the result of action taken on any petition, application or motion?
(1) First petition, etc.        Yes ☐ No ☒
(2) Second petition, etc.     Yes ☐ No ☒

(d) If you did not appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

12. State *concisely* every ground on which you claim that you are being held in violation of the constitution, laws or treaties of the United States. Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting same.

CAUTION: If you fail to set forth all ground in this motion, you may be barred from presenting additional grounds at a later date.

For your information, the following is a list of the most frequently raised grounds for relief in these proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you have other than those listed. However, you should raise in this motion all available grounds (relating to this conviction) on which you based your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The motion will be returned to you if you merely check (a) through (j) or any one of the grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea.

(b) Conviction obtained by use of coerced confession.

AO 243 (Rev. 5/83)

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
(e) Conviction obtained by a violation of the privilege against self-incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impanelled.
(i) Denial of effective assistance of counsel.
(j) Denial of right of appeal.

A. Ground one: A Defendant is entitled to be sentenced based on information which is materially true.

Supporting FACTS (state *briefly* without citing cases or law) The Pre-Sentence Investigation Report contains several factual inaccuracies, which was not supported by evidence which are contradicted by facts known to the Government.

B. Ground two: Rule 32 Requires a District Court to Correct factual errors in the Pre-Sentence Report.

Supporting FACTS (state *briefly* without citing cases or law): The Pre-Sentence Report contains several inaccuracies. The Government, by way of "information" provided to the U.S. Probation Office, has tainted the Petitioner's P.S.I. and has cause undue prejudiced to the Petitioner.

C. Ground three: Inadequate Representation received at sentencing falls below an objective reasonable standard

Supporting FACTS (state *briefly* without citing cases or law): An Attorney who does not know the basic sentence for an offense at the time his client is contemplating entering a plea or at time of sentencing is held to be ineffective.

(5)

AO 243 (Rev. 5/85)

D. Ground four:  Whether Counsel was ineffective to allow
Petitioner's Prior Conviction to be Scored in Criminal
History
Supporting FACTS (state *briefly* without citing cases or law):  In determining
whether a misdemeanor conviction is similar to misdemeanor
offense listed by sentencing guidelines, and thus generally
should not be counted in determining criminal history score.

13. If any of the grounds listed in 12A, B, C, and D were not previously presented, state briefly what grounds were not so presented, and give your reasons for not presenting them:

    Not Applicable

14. Do you have any petition or appeal now pending in any court as to the judgment under attack?
    Yes ☐ No ☒

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

    (a) At preliminary hearing  Robert Lerma, 1000 E. Van Buren, Brownsville,
    Texas 78520-7145  Tel:  956-546-1910

    (b) At arraignment and plea  same

    (c) At trial  no trial

    (d) At sentencing  Same as (a)

**CERTIFICATE OF SERVICE**

    I **ARTURO PENA**, hereby certify that a true and correct copy of this foregoing instrument has been mailed postage pre-paid on the <u>4th.</u> day of <u>January</u>, 2001, by depositing the required number of originals and copies into the prison mail collection box, in sealed envelopes, and addressed correctly to the following:

Assistant U.S. Attorney
Ms. Jody Young
1036 E. Levee Street
Brownsville, Texas 78520

X _Arturo Pena_
Arturo Pena