Case 1:01-cv-00007   Document 7   Filed in TXSD on 03/02/2001   Page 1 of 12

7

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

MAR - 2 2001

Michael N. Milby, Clerk of Court

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Respondent–Plaintiff | § | |
| | § | |
| vs. | § | CR B-97-490 |
| | § | |
| ARTURO PENA, | § | |
| Petitioner–Defendant | § | |
| (CA B-01-007) | § | |

GOVERNMENT'S ANSWER, MOTION FOR DISMISSAL UNDER 8(a) OF THE
RULES FOLL. 28 U.S.C. § 2255, OR IN THE ALTERNATIVE, MOTION FOR
SUMMARY JUDGMENT

1.

On January 17, 2001, the court ordered the Government to respond to
Pena's 28 U.S.C. §2255 motion filed on January 16, 2001, by March 2, 2001. The
Government moves to dismiss and, in the alternative, moves for summary
judgment.

2.

Pena was charged in the Southern District of Texas, Brownsville Division, in
Count One with conspiracy to possess with intent to distribute a controlled
substance, in violation Title 21 U.S.C. §846, 841(a)(1) and 841(b)(1)(B); in Count
Two with possession with intent to distribute a controlled substance, in violation
of 21 U.S.C. §§841(a)(1) and 841(b)(1)(B);  in Count Three with possession with
intent to distribute a controlled substance, in violation of 21 U.S.C. §§841(a)(1)
and 841(b)(1)(B)in Count Four with possession with intent to distribute a controlled
substance, in violation of 21 U.S.C. §§841(a)(1) and 841(b)(1)(B) (PSR. 1-4, 14).
He pled guilty to Counts Two and Four on March 5, 1998, in conformance with a

Fed. R. Crim. P. 11(e)(1)(B) plea agreement, before the Honorable Filemon B. Vela (DOC. 65; PSR. 20). In the plea agreement, in exchange for Pena's plea of guilty to Count Two and Four, the Government agreed to, recommend Pena receive full credit for "Acceptance of Responsibility" , be sentenced to the bottom of the Guideline level he scored, and to move for the dismissal of the remaining counts at sentencing (PSR 15).

The probation department scored him at base offense level 26, assessed a two level upward adjustment for obstruction of justice and declined to credit Pena an adjustment for acceptance of responsibility (PSR. 45, 47). His criminal history score placed him in Criminal History Category Three. Pena filed objections to the PSR. contesting the determinations made regarding acceptance of responsibility and obstruction (PSR Add. P. 19).

On May 28, 1998, Pena was sentenced to seventy–eight months imprisonment for each count, to run concurrently, and to two concurrent four–year terms of supervised release (DOC. 93). The district court granted Pena's objection regarding the obstruction of justice yet denied his objection regarding acceptance of responsibility (Attachment A). The judgment was entered June 8, 1998 (DOC. 102). The judgement became final on June 18, 1998. F.R. App. P. 4(b)).

Pena did not file a direct Appeal. On January 16, 2001, Pena filed the instant "Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255".

2.

2

Pena's § 2255, pleading is untimely.  On April 24, 1996, a 1-year period of limitation was placed upon the filing of motions under § 2255.  The 1-year period runs from the date the judgement of conviction becomes final.  Pena's ability to file such motion expired on June 18, 1999 (one year plus the10 days after his judgement was entered, with the expiration of the period for filing notice of appeal).    Compliance with the limitation period is jurisdictional.  This court is without jurisdiction to rule upon Pena' motion as a § 2255.

If the pleading is viewed as being in the nature of a § 2241, there is no time limitation for it's filing.  Jurisdiction, however, is limited to the district in which Pena is detained, the Eastern District of Texas.

3.

The Government denies each and every allegation of fact made by Pena except those supported by the record and those specifically admitted herein, and demands strict proof thereof.

4.

Pena' next hurdle relates to the requirement he demonstrate "cause and prejudice" in not pursuing his instant claims on direct appeal.  *United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998).  In the absence of a "complete miscarriage of justice", which Pena neither alleges nor proves, Pena may not bring a collateral assault on his conviction without demonstrating "cause" for not pursuing his claims on direct appeal and "prejudice" which would be suffered for denial of such collateral review.  Pena fails to show either cause or prejudice.  The

3

motion should be denied and dismissed under Rule 8(a) of the rules foll. 28 U.S.C. §2255 inasmuch as he offers no cause and prejudice for obtaining review on collateral attack. *See, e.g., United States v. Shaid*, 937 F.2d 228, 231–32 & n.7 (5th Cir. 1991) (en banc) (constitutional or jurisdictional issue reviewable for first time on collateral attack only if the movant demonstrates cause for his procedural default and actual resulting prejudice or that the uncorrected error would result in a complete miscarriage of justice).

An allegation of "miscarriage of justice" warrants collateral review where a constitutional violation has alleged to have caused the conviction of one innocent of the crime. *McCleskey v. Zant*, 499 U.S. 467, 495, 111 S.Ct. 1454, 1470 (1991); *Murray v. Carrier*, 477 U.S. 478, 485, 106 S.Ct. 2639, 2643 (1986). "The 'cause' standard requires [the movant] to show that 'some objective factor external to the defense' prevented him from raising on direct appeal the claim he now advances." *United States v. Guerra*, 94 F.3d 989, 993 (5th Cir. 1996) (quoting *Romero v. Collins*, 961 F.2d 1181, 1183 (5th Cir. 1992) which in turn quotes *Murray*, 477 U.S. at 488, 106 S.Ct. at 2645). "Objective factors that constitute cause include interference by officials that makes compliance with the procedural rule impracticable, a showing that the factual or legal basis for the claim was not reasonably available to [the appellant] at the prior occasion, and ineffective assistance of counsel in the constitutional sense." *Id.*

To avoid the consequences of a dismissal by applying the fundamental–miscarriage–of–justice exception to Rule 9(b) foll. 28 U.S.C. §2255, a movant must

---

demonstrate, as a factual matter, that he did not commit the crime of conviction. *Schlup v. Delo*, 115 S.Ct. 851, 861, 867 (1995); *Ward v. Cain*, 53 F.3d 106, 107 (5th Cir. 1995) (citing *Schlup*). Stated differently, the movant must demonstrate that the failure to consider his claim will result in his continued incarceration though innocent. *See Saahir v. Collins*, 956 F.2d 115, 120 (5th Cir. 1992); *United States v. Espinoza*, 82 F.3d 640, 642 (5th Cir.1996) (citing *Saahir*). Pena makes no such claim.

Allegations

Pena's request of the district court to correct the judgement due to a clerical error as the result of the failure of the probation department to comply with the district court's findings at sentencing to grant Pena 'acceptance of responsibility has been denied by the court. (See Attachment A). The district court found Pena's factual allegation that the district court granted him 'acceptance' inconsistent with the record of the sentencing.

Regarding his other allegations, even assuming Pena has complied with the necessary prerequisites to bring this action, a careful reading of Pena's petition suggests only one complaint of a nominal constitutional nature, and therefore cognizable under §2255: he complains his attorney was ineffective for failing to counsel him regarding his appeal rights and failure to object at sentencing to his criminal history points.

In order to succeed on the "ineffective assistance" claim, Pena must establish that trial counsel's actions, "fell below an objective standard of reasonableness"

5

and that ' but for' such unprofessional errors the outcome would have been different. *United States v. Samples*, 897 F.2d 193, 196 (5ᵗʰ Cir. 1990). To show prejudice in the sentencing context, Pena must show "a reasonable probability that but for trial counsel's errors his non-capital sentence would have been significantly less harsh." *United States v. Segler*, 37 F.3d 1131, 1136 (5th Cir. 1994)(citing *Spriggs v. Collins*, 993 F.2d 85, 88 (5th Cir. 1993)). Under this standard, the court must consider such factors as the defendant's actual sentence, the potential minimum and maximum sentences that could have been received, the placement of the actual sentence within the range of potential sentences, and any relevant mitigating or aggravating circumstances. *Id.* Pena fails in both regards. Pena can demonstrate no deficiency in representation on the part of his attorney

Pena alleges that his trial attorney was ineffective for not objecting to the counting of his two convictions as they were "misdemeanors" and were "similar to" misdemeanors for which the Guidelines dictate should never be counted toward criminal history points. However, Pena's criminal history points result from a felony conviction of Unauthorized Use of a Motor Vehicle for which he was assessed 7 years probation (PSR. 54), and the misdemeanor crime of Unlawfully Carrying a Weapon (gun) (PSR. 53). In the context of Pena's claim, the U.S.S.G. dictate that misdemeanor crimes of , "hitchhiking, truancy, loitering, speeding, public intoxication, and vagrancy" should not be counted in criminal history points. §4A1.2 (c)(2). Neither of Pena's convictions are "similar" to such offenses. As

Pena's legal theory is unsupportable, Pena fails to demonstrate that his attorney
erred.

Regarding Pena's claim that his attorney failed to advise him of his post
conviction appeal rights, Pena concedes he understood this written plea agreement
allowed him the right to appeal his sentenced.  The district court would have
advised Pena of his right to appeal both at the time of his plea and at sentencing.
Pena does not allege otherwise.  The attorney for Pena (Robert Lerma) has advised
that, although he does not remember specifically due to the passage of time, his
standard procedure includes advising defendants of their right to appeal.
According to Mr. Lerma, this procedure would have been particularly heightened
due to the fact that Mr. Lerma filed objections to the PSR., and due to Pena
testifying at the trial of a co-defendant.  Again Pena fails to establish the factual
basis of his claim.  Because Pena can make no showing that his counsel's
performance was deficient, this Court need not inquire into the prejudice prong
of the *Strickland* test. *See Strickland v. Washington*, 466 U.S. 668, 697, 104 S.Ct.
2052 (1984). ("[T]here is no reason for a court deciding an ineffective assistance
claim ... to address both components of the inquiry if the defendant makes an
insufficient showing on one.").

Pena does not meet his burden of allegation. *See Strickland v. Washington*,
466 U.S. 668, 104 S.Ct. 2052 (1984).  To demonstrate prejudice under that
standard, he would have to show "that there is a reasonable probability that, but
for counsel's unprofessional errors, the result of the proceeding would have been

different". *Id.* at 694, 104 S.Ct. at 2068; *United States v. Torres*, 163 F.3d 909, 912 &ns.11 through 15 (5th Cir. 1999); *United States v. Flores*, 135 F.3d 1000, 1007 n.23 (5th Cir. 1998) ("[M]ost of Flores' claims are procedurally barred and there has been no showing of cause for the procedural default or that manifest injustice would result from the bar."). Moreover, assuming, *arguendo*, that he does demonstrate a deficient performance, Pena fails to demonstrate prejudice.

Taking the second prong, Pena can't demonstrate prejudice. His claimed error regarding the criminal history issue is baseless. As to his second claimed error, although Pena does not have to demonstrate that he would have won his direct appeal, he does have to demonstrate that "but for" his attorney's failure to advise of his right to appeal, that he would have appealed. He fails to demonstrate this. The standard regimen of the district court includes advising the defendants of their notice of appeal. Pena concedes his plea agreement noticed him of his notice of appeal. As Pena was aware of his right to appeal, he sustained no prejudice.

In the context of a § 2241.

Besides having filed the motion in the wrong district, Pena has other insurmountable hurdles to overcome. In order to bring a § 2241 claim, Pena must first demonstrate he has exhausted his claims under § 2255 and any available administrative remedies. 28 C.F.R. 542.10. If he was seeking to invoke the "savings clause" of § 2255, permitting a § 2241 motion after becoming ineligible for redress under § 2255, he fails. Such savings clause is limited to

8

"circumstances in which a Supreme Court decision has changed the law of a circuit retroactively in such a way that a prisoner stands convicted for a nonexistent offense, and the prisoner had no reasonable opportunity for a judicial remedy of that fundamental defect before filing the § 2241 proceeding". *Wofford v. Scott*, 177 F. 3d 1236, 1244 (11th Cir. 1999). The savings clause may also be triggered by "actual innocense, which means factual innocense, not merely legal insufficiency". *Bousley v. United States*, 523 U.S. 614, 118 S.Ct. 1604, 1611 (1998). Pena has made no such allegations, and has foregone his earlier opportunities. *Charles v. Chandler*, 180 F.3d 753, 758 (6th Cir. 1999).

A Section 2255 Motion requires a hearing unless the files, the motion, and the record of the case conclusively show that no relief is appropriate. 28 U.S.C. § 2255 (foll.), Rule 8(a). *United States v. Santora*, 711 F.2d 41 (5th Cir. 1983). The need for an evidentiary hearing depends upon an assessment of the record. If the district court cannot resolve the allegations without examining evidence beyond the record, it must hold a hearing. If the record is adequate to fairly dispose of the allegations, the court need inquire no further. *United States v. Smith*, 915 F.2d 959, 964 (5th Cir. 1990).

Although the allegations of a *pro se* complaint are held to a less stringent standard than the formal pleading drafted by lawyers, if it appears beyond doubt that the plaintiff can plead no set of facts that would entitle him to relief, the cause will be dismissed. *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594 (1972). The instant cause does not merit a hearing.

9

## CONCLUSION

WHEREFORE, PREMISES CONSIDERED, the Government respectfully prays that Pena's §2255 petition be dismissed, or in the alternative, subject to denial by summary judgment.

Respectfully submitted,

MERVYN M. MOSBACKER
United States Attorney

_____

Mark M. Dowd
Assistant U.S. Attorney
600 E. Harrison, # 201
Brownsville, Texas 78520
Texas Bar No. 06070500
Federal I.D. No. 9314
(956) 548-2554/Fax (956) 548-2549

## CERTIFICATE OF SERVICE

I, Mark M. Dowd, Assistant United States Attorney, certify that a true and correct copy of the above document has been served by placing same in United States mail, postage prepaid, today, March 2, 2001, addressed to:

Arturo Pena
# 77673-079
FCI, Beaumont
P.O. Box 26020
Beaumont, Texas, 77720

MARK M. DOWD
Assistant U.S. Attorney

United States District Court
Southern District of Texas
FILED

FEB 0 7 2001

Michael N. Milby
Clerk of Court

IN THE UNITED STATES OF AMERICA
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| V. | § | CR. NO. B-97-490-S1-04 |
| ARTURO PENA | § | |

O R D E R

Having come on to be considered the Motion to Correct Judgment filed by defendant, Arturo Pena, asserting that the judgment fails to show the guideline range determined by this court. The judgment fails to show a three-point reduction for acceptance of responsibility pursuant to USSG §§ 3E1.1(a) and (b)(2) and an overruling by the Court of a two level enhancement for obstruction of justice pursuant to USSG § 3C1.1. The Court hereby issues the following ruling.

After careful review of the sentencing record, this Court finds that during the sentencing hearing the Court overruled the Probation Officer's application of USSG § 3C1.1 and refused to grant the defendant an offense level reduction pursuant to USSG §§ 3E1.1(a) and (b)(2). This Court accordingly adjusted the sentencing guideline range. The judgment prepared in this case correctly reflects the proceedings.

IT IS THEREFORE ORDERED that the defendant's Motion to Correct Judgment is hereby **DENIED**.

Done at Brownsville, Texas this 7ᵗʰ day of February 2001.

Filemon B. Vela
United States District Judge

TRUE COPY I CERTIFY
ATTEST:
MICHAEL N. MILBY, CLERK
By_____
                    Deputy Clerk

ATTACHMENT "A"